UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINEMATIX, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EINTHUSAN, et al.,<br><br>    Defendants. | Case No. 19-cv-02749-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ON THE GROUNDS OF** *FORUM NON CONVENIENS*<br><br>Docket Nos. 53, 64, 73 |

    All parties are in the film industry. Defendants are Lotus Five Star, LTD ("Lotus"), Leo India Films, LTD ("Leo"), and Arun Shanmuganathan (collectively, the "Defendants"). Plaintiffs are Cinematix, LLC, AP International, Home Screen Entertainment, FZE, Home Screen Entertainment, PTE. Ltd. (collectively, the "Plaintiffs"). Plaintiffs' first amended complaint ("FAC") alleges copyright infringement based on Defendants' streaming websites. Docket No. 44. Pending before the Court are Lotus and Shanmuganathan's motion to dismiss the FAC on the grounds of (1) lack of personal jurisdiction; (2) insufficient service of process; and (3) *forum non conveniens*. Docket Nos. 53. The second motion to dismiss was filed by Leo; it only moves for dismissal on *forum non conveniens*. Docket No. 64. Also pending before the Court is Plaintiffs' motion to strike Leo's reply brief because it contains evidentiary objections. Docket No. 73.

    For the reasons discussed below, Defendants' motions to dismiss on *forum non conveniens* grounds are **GRANTED** because Defendants identified an adequate alternative forum (*e.g.*, Canada) and the public and private factors heavily favor litigating this dispute in Canada. However, this decision is conditioned on Defendants accepting service of process in Canada.

**I.  BACKGROUND**

A.  Factual Background

Plaintiffs are companies that "distribute, sell, publicly perform and display, and license a significant portion of all legitimate Tamil-language motion pictures in this country and across the globe." TAC ¶ 1. According to Plaintiffs, Defendants own and operate websites[1] that "are dedicated to the piracy of copyrighted motion pictures." *Id*. ¶ 3. These websites "upload, store, host, disseminate, distribute, sell, publicly perform and display, and otherwise illegally make available copyrighted motion pictures from their servers . . . ." *Id*.

The Einthusan websites were created in 2011 by a Canadian company called Paperboard Innovations, and the websites were eventually sold to Lotus. Docket No. 53 ("Mot.") at 2. Lotus contends that it secured licenses for each of the films in its library. *Id*. In 2017, Lotus sold its brand name and trademarks (*e.g.*, the "Einthusan" name) to Leo. *Id*.

None of the parties are domiciled in California or have their principle place of business in California. Lotus and Leo are Canadian limited liability companies that have their principle place of business in Toronto, Canada. Mot. at 1; Docket No. 64 ("Leo Mot.") at 1. Mr. Shanmuganathan is a resident of Sri Lanka, but occasionally travels to Canada. Mot. at 1. Plaintiff Cinematix is the only United States entity, and it is located in the state of Washington. Mot. at 22. The remaining plaintiffs are foreign to the United States. *Id*.

B.  Procedural Background

Plaintiffs filed this action in May 2019. Docket No. 1. After failed attempts to serve Defendants, Plaintiffs moved for permission to effectuate service of process on Defendants by alternative means (e-mail) pursuant to Fed. R. Civ. P. 4. Docket No. 8. Judge Corley granted Plaintiffs' motion. Docket No. 14. Thereafter, Defendants specially appeared and filed motions to dismiss. Docket Nos. 27–30. Plaintiffs amended their complaint as of right, Docket No. 44, and Defendants withdrew those motions. Docket No. 51. Lotus and Mr. Shanmuganathan specially appeared again and filed their current motion to dismiss. At this time, Leo had not yet been served

---

[1] www.einthusan.com, www.einthusan.tv, and einthusan.ca

with the FAC. Once Leo received service, it filed its motion to dismiss.

## II. **DISCUSSION**

A party moving to dismiss based on *forum non conveniens* bears the burden of showing that (1) there is an adequate alternative forum, and (2) the balance of private and public interest factors favors dismissal. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142–43 (9th Cir. 2001). A domestic plaintiff's forum choice is entitled to considerable deference, whereas a foreign plaintiff's forum choice is entitled to less deference. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir.2000) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). The plaintiff's choice of forum will not be disturbed unless the private and public interest factors strongly favor trial in the foreign country. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir. 1984).

A.  Adequate Alternative Forum

Defendants are amenable to service in Canada. Mot. at 20. Plaintiffs argue that Shanmuganathan is only "agreeable" to service in Canada. Docket No. 58 ("Opp.") at 18. Based on this, Plaintiffs suspect that Defendants will avoid service in Canada if this Court dismisses the case on *forum non conveniens* grounds because Plaintiffs have requested Defendants' Canadian addresses but have not received a response. *Id*. at 18–19. This Court's condition for dismissal obviates Plaintiffs' concerns.

Regarding whether Canada is an adequate forum, Defendants rely on *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995). In *Creative Tech.*, the Ninth Circuit upheld dismissal of a domestic copyright case on the grounds of *forum non conveniens* in favor of a Singapore forum. *Id*. at 699. The alleged infringement in *Creative* concerned a copyright of a sound card. All the sound cards were designed, developed, and manufactured in Singapore. Creative marketed its sound cards in the United States under the brand name "Sound Blaster" through a California corporation. *Id.* Aztech also marketed its sound cards in the U.S. through a California company, but its brand name was "Sound Galaxy." *Id*. Creative brought a lawsuit in the Northern District alleging Aztech violated the United States Copyright Act by using "Sound Blaster clones." *Id*. Aztech responded by filing a lawsuit in Singapore, alleging breach of

3

settlement and seeking declaratory relief under the Singapore Copyright Act. In deciding whether Singapore was an adequate forum, the Ninth Circuit held that the "Singapore Copyright Act offers Creative an adequate alternative remedy independent of United States copyright law." *Id*. at 701. And, even if it did not, the court alternatively held that "the High Court of Singapore would be free to apply United States copyright law . . . ." *Id*.

Here, Defendants have met their burden in demonstrating that Canada is an adequate forum. Plaintiffs' connections to California and this District are even more attenuated than that of the parties in *Creative*, which involved two California entities. Plaintiffs do not offer any substantive argument as to why the Canadian Copyright Act cannot offer an adequate remedy; at the hearing, they agree that Canadian copyright law is substantially similar to U.S. copyright law. Nor have they argued that a court in Canada cannot apply United States copyright law.

B. The Balance of Private Interests

The private interest factors include the following: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009).

Except for Cinematix which is based in Washington, none of the parties are from the United States. Mot. at 21. Plaintiffs argue that many witnesses (*e.g.*, advertisement companies that utilize the Einthusan websites and subscribers who watched the alleged infringing films) are from the United States. But Plaintiffs have not identified a single witness from California—much less the United States—that they argue is indispensable for litigating this copyright-infringement lawsuit. Such witnesses are available in Canada (or elsewhere). Nor is there any identifiable evidence uniquely located in California. Indeed, Plaintiffs do not dispute Defendants' representation that the servers housing the at-issue films are not located in California—instead, they are in Toronto Canada; Dallas, Texas; Washington, D.C.; London; and France. Indeed, at the hearing, Plaintiffs expressed that the ***primary*** reason they decided to file in this District was

4

because of their understanding that Defendants consented to personal jurisdiction in the Northern District via Mr. Shanmuganathan's Digital Millennium Copy Right Act ("DMCA") response.[2] Lotus and Mr. Shanmuganathan object to that claim of consent.

Plaintiffs' rights can adequately be enforced in Canada. Any doubt expressed by Plaintiffs as to the enforceability of any Canadian judgment in the United States is obviated by the fact that a foreign judgment can be domesticated and enforced here. Plaintiffs do not contend otherwise. Regarding the convenience of the parties to this litigation, having this lawsuit heard in Canada would cut the travel presumably in half because most Defendants reside in Canada, and Plaintiffs would have to travel regardless (*i.e.*, from the state of Washington and abroad).

Therefore, the private factors weigh heavily in favor of dismissing this case in favor of a Canadian forum.

C.  The Balance of Public Interests

The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action: (5) the avoidance of unnecessary problems in conflicts of law. *Creative*, 61 F.3d at 703–04.

California, as a sovereign, has no interest in this dispute. Plaintiffs contend that the State has an interest in protecting its citizens from being misled into participating in copyright infringement. But this is not a consumer fraud action; this is a dispute between foreign parties regarding their legal rights to copyrighted films. The dispute does not involve any obvious California state interests. In contrast, Canada has an interest in adjudicating a dispute involving its residents. The public interests heavily favor dismissal to Canada.

Because *forum non conveniens* is a nonmerits ground for dismissal, "a court need not resolve whether it has authority to adjudicate . . . personal jurisdiction over the defendant if it

---

[2] In response to a DMCA notice addressed to Leo, Mr. Shanmuganathan wrote "I consent to the jurisdiction of the Northern District of California and I'll accept service of process from the person who provided notice under 17 U.S.C. 512(c)(1)(C) or an agent of such person."

determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). "If, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground . . . . But where . . . personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id*. That is the case here where there are relatively complex questions as to personal jurisdiction.

Balancing all the private and public factors in favor of dismissal, and the undisputable existence of an alternative forum, this Court **GRANTS** Defendants' motions to dismiss on the grounds of *forum non conveniens*. As indicated at the outset of this order, dismissal is conditioned on Defendants' acceptance of service in Canada. Parties are further ordered to file a status report by March 2, 2020, to inform the Court of such service in Canada.

This order disposes of Docket Nos. 53, 64, 73.

**IT IS SO ORDERED**.

Dated: January 15, 2020

_____
EDWARD M. CHEN
United States District Judge

6